UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**LYNELL WILLIS, JR.**                                                                    **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:08CV-359-S**

**KIMBERLY W. SHUMATE**                                            **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Lynell Willis, Jr., filed a *pro se* civil complaint. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

**I.**

Plaintiff, who lives in Radcliff, Kentucky, files suit against Kimberly W. Shumate,[1] who lives in Elizabethtown, Kentucky, "on grounds of civil evasion on the term disappoint and on Federal laws that were broken on hospitalization orders also filing and suing on matters of sexual misconduct of the abuse by Ms. Shumate, Mr. Simcoe, Gov. Fletcher, Ms. Coleman."

As his statement of claim, Plaintiff alleges that, in 1991, Simcoe and Fletcher captured him and a friend in a school crossing tunnel in Ft. Knox and sexually abused them. Plaintiff claims that before the attack, he and his friend saw Simcoe and Fletcher talking to two females in a white

---

[1] On the second page of the complaint form, Plaintiff also lists as defendants David Simcoe, Janet Coleman, and Ernie Fletcher. According to Rule 10(a) of the Federal Rules of Civil Procedure, however, "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. *The title of the complaint must name all parties*; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." (emphasis added). Because Simcoe, Coleman, and Fletcher are not listed in the caption of the complaint, those individuals are not properly named defendants and are not parties to this action.

Buick. Defendant Shumate was the driver, and Coleman was the passenger. Plaintiff alleges that the two women had paid the two men to engage in the sexual abuse.

Plaintiff additionally alleges that in 2005 he "was civilly violated on the terms disappoint and under federal terms of hospitalizations acts and orders under Mr. Shumate in 06/05."

As relief, Plaintiff seeks compensation of an unspecified amount and requests the Court to "[d]ismiss these people from the bench of law due to poor ethics towards the community and myself."

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir.1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiff has failed to meet his burden. First, under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff, however, neither claims that the action exceeds $75,000 nor demonstrates that he and Defendant Shumate are citizens of a State other than Kentucky. Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

Additionally, under the federal-question statute, codified at 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff broadly alleges violations of "Federal law." Even under the most liberal of construction of the complaint, the Court can discern no federal cause of action under which Plaintiff may invoke this Court's federal-question jurisdiction.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4411.005